WYLIE *v.* RURAL SPECIAL SCHOOL DISTRICT No. 9.

4-3005

Opinion delivered May 8, 1933.

*T. D. Wynne, S. F. Morton* and *J. T. Richardson,* for appellant.

*Paul G. Matlock* and *John L. McClellan,* for appellee.

McHANEY, J. October 10, 1930, appellee school district, having complied with act 119, Acts of 1927, p. 358, entitled "An act creating a revolving loan fund to aid needy school districts in repairing, erecting and equipping necessary school buildings, and for other purposes," borrowed $10,000 from said fund through the State Board of Education. This amount was remitted to appellee by draft in its favor which was deposited with Ed Hawkins, then treasurer of Dallas County, who credited same to appellee on his books as "building fund," and he deposited said sum, to the best of his recollection, to his credit as county treasurer, in the Bank of Fordyce. He also had on deposit in said bank other county and school funds. On November 17, 1930, Hawkins as county treasurer had deposits in Bank of Carthage, First State Bank of Stuttgart, Merchants' & Planters' Bank & Trust Company, Pine Bluff, Merchants' & Planters' Bank, Sparkman, Bank of Fordyce, and the First National Bank of Fordyce. On said date all of said banks closed their

doors with the exception of Merchants' & Planters' of Sparkman and the First National of Fordyce, and were taken over by the Bank Commissioner for liquidation. The treasurer had on deposit in all banks the sum of $64,941.39, and in insolvent banks $44,980.85, consisting of county and school district funds. None of said banks were authorized depositaries, but were such as selected by the treasurer. He therefore sustained a loss of approximately 70 per cent. of all funds.

Appellee school district had let a contract to construct a new school building with the funds so borrowed, and from time to time, both before and after the bank failures, drew its warrants on its "building fund" to its credit in the county treasury to pay for the construction of said school building, and all of said warrants were honored by the treasurer and checks were drawn on open banks in payment of said warrants, all of which were paid. Appellant succeeded Hawkins as county treasurer in January, 1931, and she thus honored one or more warrants on appellee's "building fund" in said month. Appellee at all times had to its credit on the books of the treasurer a sum in excess of all warrants drawn on its "building fund."

Sometime in the spring of 1931, the State Auditorial Department made an audit of the treasurer's books and reached the conclusion that the loss of school district and county funds occasioned by the failure of banks should be prorated among the different agencies. The result of this would be that appellee had been overpaid by reason of such warrants drawn on its "building fund" and honored, after the bank failures in the sum of $5,136.25, and appellant was directed to charge back to appellee said sum. This suit was brought by appellee to enjoin appellant from so doing. The court granted the relief prayed, hence this appeal.

Several interesting questions are discussed by learned counsel on both sides, but we think it necessary to discuss only one of them in this opinion. Was there in fact any overdraft against appellee? We think not. While the record fails to show affirmatively that the Bank of Fordyce, the bank in which the $10,000 "building fund"

was deposited, was reorganized or reopened and paid its depositors in full, it inferentially shows such to be the fact. The total loss above mentioned was sustained in three banks, one in Pine Bluff, one in Stuttgart and one in Carthage. No loss was therefore sustained in the Bank of Fordyce, although appellee's "building fund" borrowed as aforesaid, was there deposited to the best recollection of Mr. Hawkins. If so, then there has been no loss of appellee's "building fund" sustained, and consequently no overdraft. The evidence supports the chancellor's finding, and the decree must be affirmed.